**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| MANUEL SENDON, | Case No.: |
| Plaintiff, |  |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| MIDLAND CREDIT MANAGEMENT, INC., | (Unlawful Debt Collection Practices) |
| Defendant. |  |

## COMPLAINT

MANUEL SENDON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq*. ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Port St. Lucie, Florida.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

10. Defendant is a national debt collection company with its corporate headquarters located at 2365 Northside Drive Suite 300 San Diego, California 92108.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Debt collection is the principal purpose of Defendant's business.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. Plaintiff has a cellular telephone.

16. Plaintiff has solely used this phone as a cellular telephone.

17. Defendant called Plaintiff on a repeated basis, attempting to collect an alleged consumer debt.

18. During this time, Defendant called Plaintiff on her cellular telephone utilizing an automatic telephone dialing system and/or pre-recorded voice or message.

19. Plaintiff knew that Defendant was calling using an automated telephone dialing system and/or pre-recorded voice or message as calls often began with a pause or a delay prior to speaking to one of Defendant's collectors.

20. Defendant's calls were not made for "emergency purposes."

21. Soon after the calls began, Plaintiff told Defendant to stop calling.

22. Once Defendant was informed that its calls were unwanted and was told to stop calling, its continued calls could have served no lawful purpose besides harassment.

23. Any continued calls could only have been placed for the purpose of harassing Plaintiff.

24. Nevertheless, Defendant persisted in calling Plaintiff on a repeated basis.

25. Plaintiff found Defendant's calls to be harassing, intrusive and distressing throughout this time period.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing at all times its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

32. Defendant's calls to Plaintiff were not made for "emergency purposes."

33. After Plaintiff revoked consent, Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

34. Any consent Defendant may have thought it had to call Plaintiff on her cellular telephone using an automatic telephone dialing system or prerecorded voice was revoked at the moment Plaintiff told Defendant to stop calling him.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT III**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

40. Defendant violated § 559.72(7) when it placed repeated harassing telephone calls to Plaintiff within the two year period preceding the filing of this Complaint knowing at all times its calls were unwanted.

WHEREFORE, Plaintiff, MANUEL SENDON, respectfully prays for judgment as follows:

   a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

   d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

   f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

   h. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

   i. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

   j. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MANUEL SENDON, demands a jury trial in this case.

Respectfully submitted,

Dated:  June 14, 2019

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com